**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Georges KORBANI, Defendant–
Appellant.**

**No. 00–50231.**

**D.C. No. CR 93–00846–LGB–1.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided July 25, 2001.

Before TROTT, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

The question before us in this appeal is whether the district court made a competency finding as required by 18 U.S.C. § 4241(e). Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

After the director of the Springfield facility certified that in his opinion Korbani was "able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," section 4241(e) required the district court to hold a hearing to assess Korbani's competence. At this hearing, Korbani had the right to representation by counsel, the right to testify, the right to present evidence, and the right to subpoena witnesses and to cross-examine these witnesses. 18 U.S.C. § 4247(d).

On August 2, 1999, the district court held a hearing at which Korbani was present and represented by counsel. The district judge began the hearing by stating that in light of the report from Springfield, it appeared that Korbani was competent. Late in the hearing, Korbani's counsel stated briefly that he did not agree with this report. Korbani argues that the district court did not make a competency finding and failed to address counsel's objection to the Springfield report. We disagree. The district court made a finding that Korbani was competent, and it is clear from our reading of the transcript as a whole that Korbani's counsel did not seriously seek to contest this finding. To the contrary, Korbani's counsel wanted the court to find Korbani competent so that the case could go to trial. Prior to his statement of disagreement with the report, he had stated, "I will go to trial on this case. That is what I'm asking the Court to do today. I want to go to trial in September." Further, Korbani himself had an opportunity to address the court at the hearing, and he maintained that he was competent. Finally, Korbani and his counsel did not, either at the hearing or by motion, indicate that Korbani wanted to testify, to call witnesses, or to present any evidence in order to contest the competency finding. On these facts, we hold that the district court found Korbani competent at a hearing that met the statutory requirements.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.